**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Think Products, Inc., | ) | Case No.:     20 C 3958 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge:  Andrea R. Wood |
| | ) | Magistrate Judge:  Gabriel A. Fuentes |
| | ) | |
| ACCO Brands Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

With this matter coming before the magistrate judge on referrals (D.E. 22, 132) for discovery supervision and for decision of Plaintiff's Motion to Strike Defendants' Affirmative Defense of Invalidity ("Motion"; D.E. 126), the Court considers whether the patent invalidity affirmative defense should be stricken in view of what Plaintiff views as indefinite or evasive responses to a series of requests for admission that can be characterized as "contention" requests served under Federal Rule of Civil Procedure 36.  Instead of asking Defendants to admit facts that otherwise might be considered disputed at summary judgment or trial, Plaintiff in this patent infringement action asked Defendants to admit that they are making certain contentions, namely about whether features or elements of design in the patent in suit are described or disclosed in two prior art references that, according to Defendants, invalidate the patent.  Some of the responses Plaintiff now challenges are less than perfectly clear, but the Court disagrees with Plaintiff about whether two of them are flatly contradictory, and the Court does not view the whole of the challenged Rule 36 responses to be so evasive or obfuscatory to warrant the requested relief of a striking of the invalidity affirmative defense, under the applicable standard for that type of motion.

**BACKGROUND**

This matter stems from allegations by Plaintiff Think Products, Inc. ("Plaintiff") that Defendants ACCO Brands, Corp. and ACCO's U.S. affiliate ("Defendants") have infringed Plaintiff's U.S. Patent No. 10,704,299 ("the '299 Patent"). In short, the Complaint alleges that Defendants make or sell certain allegedly infringing laptop computer docking lock products or "docking stations," which are sold with certain "lock modules." Complaint (D.E. 1) ¶¶ 8-10, 22. Defendants assert that the '299 Patent is invalid in view of two "prior art" references: U.K. Patent Application No. 2,336,392 A ("Whittle") and U.S. Patent No. 6,796,536 B1 ("Sevier"). Affidavit in Support of Motion to Strike ("Affidavit"; D.E. 128), Exh. 1 ("Defendants' Final Invalidity Contentions") at 1.

In addition to receiving the invalidity contentions served under the Local Patent Rules governing discovery in patent infringement matters, Plaintiff served a series of Rule 36 requests, several of which were directed at the invalidity arguments Defendants wish to raise about the Whittle and Sevier prior art references. In June 2022, Plaintiff filed a motion to have certain of the Rule 36 requests deemed admitted (D.E. 82), but the Court declined to do so, insofar as the final invalidity contentions were not due for another six to seven months, and the Court determined that deeming admitted a number of these contention-style requests, as non-responsive as Defendants' answers were, was premature and did not comport with substantial justice, given the pendency of the final invalidity contentions. (D.E. 89.)

Now that Defendants have served their final invalidity contentions, Plaintiff has filed another motion, this time to strike the affirmative defense of invalidity altogether. The district court has referred the Motion to the magistrate judge, whose jurisdiction stems from the parties'

subsequently limited consent concerning this Motion.[1]  Plaintiff views striking Defendants'
affirmative defense as an appropriate remedy or sanction for Defendants' "evasive" responses to
the Rule 36 contention requests for admission.  Plaintiff's Memorandum of Law in Support of Its
Motion to Strike ("Pl. Mem."; D.E. 129) at 10-11.  Plaintiff also seeks fees and expenses as a
sanction under Rule 37(a)(5).  *Id.* at 11-12.

## ANALYSIS

To get to the bottom of the Motion, the Court must first determine whether Defendants
truly violated Rule 36 in their various answers to the requests. The nature of any sanction would
depend on the nature of any violation, within the framework of the needs of this case.  District
courts may enter any just orders, including sanctions, against a party that fails to comply with
discovery obligations.  *VYSE Gelatin Co. v. Hicks*, No. 17-cv-2937, 2020 WL 12182759, at *4
(N.D. Ill. Feb. 11, 2020).  District courts further have wide latitude in fashioning sanctions, which
must be just and proportionate to the circumstances surrounding a party's failure to comply with
discovery obligations.  *Id.*, citing *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th
Cir. 2011), and *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996).  *See also*
*Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 637 (N.D. Ill. 1998)
(applying proportionality analysis to deny sanction of dismissal of affirmative defenses for failure
to comply with discovery because striking the defenses was an "extreme sanction" that "under the
circumstances," was "inappropriate and excessive").  Plaintiff never quite grapples with this legal
standard, instead reciting argument and authority as to why Defendants' Rule 36 responses failed
to comply with the rule, rather than whether any shortcomings in the responses could add up to
misconduct worthy of striking a pleaded affirmative defense.

---

[1] *See* Joint Consent to Exercise of Jurisdiction by a U.S. Magistrate Judge (D.E. 142); 28 U.S.C. § 636(c)(1).

## I.  Defendants' Indefinite Rule 36 Responses Do Not Warrant Striking the Affirmative Defense.

As to the first nine of the 11 disputed responses, Plaintiff takes issue with how Defendants have not admitted or denied the requests but have instead said that their answers depend on how the relevant claims of the '299 Patent are construed.  The nine requests asked Defendants to admit or deny whether they were making certain contentions about the Whittle or Sevier prior art, and specifically whether an element of either of those prior art references discloses or was "one and the same" as an element found in relevant "movable element" claims of the '299 Patent. Defendants' responses began with an admission or a denial, followed by a long paragraph of surplusage, in which Defendants stated that their contentions were "based on Think Products' apparent construction" of the '299 Patent claim(s) relevant to the given Rule 36 request, and that a "correct" claim construction would change Defendants' contention.  For example, Defendants admitted, in response to Request No. 10, that the "rotatable arm 22" in Whittle "discloses the 'movable element' recited in relevant claims of the '299 Patent, but said that this contention was based on Plaintiff's claim construction, which, if "correct[ed," would render the claim term so "indefinite" that it "cannot be understood by a person of ordinary skill," so that "rotatable arm 22" *is not a movable element* as recited in the '299 Patent claims.  Affidavit, Exh. 3 ("Defendant's Second Supplemental Rule 36 Responses").  In other words, the "admission" in Defendants' response to Request No. 10 was that Defendants contend that the "rotatable arm 22" in Whittle discloses the movable element based on Plaintiff's claim construction, but that this arm *is not* that movable element under a "correct" claim construction.  Defendants followed roughly the same playbook in each of these first nine Rule 36 responses at issue in the Motion, addressing the Sevier prior art as well as Whittle.

Plaintiff argues that Defendants' ability to admit or deny Request Nos. 10-14, 18, 19, 23 and 24 cannot depend on claim construction. Pl. Mem at 6. Moreover, Plaintiff finds the contentions in these responses to be "incongruous" in that, according to Plaintiff, what Whittle disclosed in 1999 cannot be dependent on what Plaintiff says it claimed in its 2020 patent; Plaintiff also says it cannot understand from Defendants' responses "whether the 'rotatable arm 22' of Whittle 'discloses the 'movable 'element.'" Plaintiff Think Products' Reply Memorandum ("Reply"; D.E. 145) at 5. Plaintiff is confused by Defendants' admissions that rotatable arm 22 of Whittle is the movable element but that the movable element and rotatable arm 22 are not "one and the same." *Id.* The Court shares in the confusion, but not to the degree to get Plaintiff over the hump of obtaining the drastic relief it seeks, namely striking the invalidity defense.

In addition, Defendants' brief added some, though not perfect, clarity to their contentions as stated in their Rule 36 responses concerning the movable element and rotatable arm 22:

> ACCO contends that the term "moveable element" [as used in the relevant claim of the '299 Patent] is functional (having the function recited in the claim) and fails to recite sufficient structure, such that its construction is limited to "the corresponding structure, material, or acts" described in the specification" [sic] for performing that function, and equivalents thereof. And because the '299 patent specification fails to describe structure for performing the recited function, ACCO contends that the claim is indefinite and therefore invalid …. With respect to Whittle, ACCO contends that the "moveable element" term is disclosed by Whittle as "rotatable arm 22," shown in Whittle Figs. 1 and 2 …. With respect to Sevier, ACCO contends that the "moveable element" term is disclosed by Sevier as the combination of "support bracket 12 and retaining rod 19," shown in Sevier Figs. 2 and 5.

ACCO's Opposition to Think Products' Motion to Strike ("Opp."; D.E. 144) at 2, 4. Plaintiff found this explanation still unsatisfying, Reply at 2-4, and although the Court does not necessarily disagree, the Court does not see the degree of nuance in these responses, and in Plaintiff's problems with the responses, as sufficient to warrant striking an affirmative defense.

Under Rule 36, the propounding party may serve requests asking for admission of the truth of any matter "within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Defendants have not argued that any of the subject matters in the requests are outside the scope of Rule 26(b)(1), and instead advance their "it depends" argument based on the notion that the outcome of claim construction is necessary for them to make clear just what their contentions are. Opp. at 6-7. Plaintiff dismisses the necessity of resolving claim construction as patently absurd, Reply at 2-3, but the Court has a different view, based on what Rule 36 permits in this "contention request" context, a posture not often addressed in the cases.

By its plain terms, while Rule 36 requires a responding party to admit, deny, or state in detail why it cannot truthfully admit or deny, the rule also provides that "when good faith requires that a party qualify an answer *or* deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest," and that the party do so "in detail." Fed. R. Civ. P. 36(a)(4) (emphasis added). In other words, Rule 36(a)(4) allows a responding party to "qualify" its answer to a request, in addition to allowing a denial of only part of the request – as long as the responding party does so "in detail." *Id.* Defendants maintain that their Rule 36 responses to Request Nos. 10-14, 18, 19, 23 and 24 fall into this category, citing *Resurrection Healthcare v. GE Healthcare*, No. 07 C 5980, 2009 WL 10742078, at *1 (N.D. Ill. July 24, 2009). The Court agrees that Defendants did qualify their answers, although the detail Defendants offered is difficult to follow and could have been clearer, as noted above. But a motion to supplement the responses or to deem them admitted is not before the Court, and Plaintiff sees such a motion as "pointless." Reply at 9. Rather, the Motion asks the Court to take the extreme step of striking the affirmative defense of

invalidity on the ground that Defendants' responses are so highly obstructive or obfuscating that the extreme remedy of striking the defense is necessary and just.

The Court does not see the responses as so deliberately obfuscating as to warrant striking Defendants' affirmative defense as an appropriate remedy at this stage of the case, in the Court's discretion in managing discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); Fed. R. Civ. P. 1. This brand of motion to strike will be denied if striking the affirmative defense is a disproportionate sanction under all the circumstances. *Second Chance Body Armor*, 177 F.R.D. at 637-38.

Plaintiff's proposed sanction is an aggressive and extreme measure in the context of both this case and these particular Rule 36 responses. Plaintiff's authority for striking the defense under Rule 12(f) evinces significantly different circumstances. Plaintiff relies primarily on *Royce v. Michael R. Needle P.C.*, 950 F.3d 939 (7th Cir. 2020). Pl. Mem. at 11. *Royce* was a civil RICO action in which the Seventh Circuit held that the district court did not abuse its discretion in striking *without prejudice* a set of amended counterclaims where the pleading party had disregarded the court's orders as to adding new substantive matters and had engaged in obstructionist tactics that had disrupted the litigation over two years. 950 F.3d at 952-53. The district court also allowed the pleading party's new counsel to seek to reinstate the dismissed counterclaims, although new counsel never did. *Id.* The Seventh Circuit added that the district court "would have been well within its discretion to strike the pleadings as a sanction for Needle's misconduct," *id.*, but that is not what happened in the case, nor is it the holding of the case. Plaintiff has seized upon the case's language to argue that this Court could take a more drastic approach than what the district court did in *Royce*. Given that courts generally look on motions to strike with disfavor (and with good reason, *Naylor v. Streamwood Behavioral Health Sys.*, No. 11 C 50375, 2012 WL 5499441, at *7

(N.D. Ill. Nov. 13, 2012)), this Court respectfully declines to strike the invalidity affirmative defense as a sanction for the somewhat obtuse detail with which Defendants qualified their Rule 36 responses.

Moreover, Plaintiff also now has the benefit of Defendants' final invalidity contentions, which contain 14 pages of detail about why Defendants believe Claims 1 and 9 of the '299 Patent are invalid in light of the Whittle and Sevier prior art. Final Invalidity Contentions, passim. The Court agrees with Plaintiff that Defendants' Rule 36 responses' purported consistency with the Final Invalidity Contentions is irrelevant to the pure sufficiency of the responses under Rule 36, Reply at 4, but under the proportionality analysis required for consideration of a motion to strike for failure to comply fully with Rule 36, the Court cannot help but take account of the contention discovery Plaintiff actually received through the Final Invalidity Contentions. The level of discovery of Defendants' invalidity contentions may not quite be enough to "choke a horse," *see Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008), but it is reasonably close, and certainly enough to render the striking of Defendants' affirmative defense of invalidity unjust and disproportionate under circumstances in which Plaintiff complains of confusing responses to Rule 36 requests that were directed at patent invalidity contentions, and not pure facts that are more readily denied or admitted. No degree of Plaintiff's reliance on past statements the Court made on the record about the confusing nature of Defendants' earlier Rule 36 responses changes this conclusion.

## II. Defendants' "Contradictory" Responses to Request Nos. 26 and 27 Do Not Justify Striking the Affirmative Defense.

Defendants' responses to Request Nos. 26 and 27 present an entirely different problem in terms of assessing the nature and severity of any Rule 36 violation by Defendants here, for purposes of the Motion. The responses are without any qualification. Defendants flatly admitted

Request No. 26 and flatly denied Request No. 27. The nature of the issue in these requests was, like the others, highly technical. Request No. 26 sought an admission that Defendants are contending that "the retaining rod 19" of the Sevier prior art reference "is removable from [the] computer support apparatus" disclosed by Sevier, while Request No. 27 asked if Defendants contend that the same retaining rod is removable from the "movable element" of the "computer support apparatus" disclosed by Sevier. Defendant's Second Supplemental Rule 36 Responses. Defendants, therefore, admitted that they contend that rod 19 is removable from the computer support apparatus but denied contending that it is removable from the "movable element" of that apparatus, without explaining the divergent answers. And in their opposition brief, Defendants make clear that they view removability from the computer support apparatus (the subject matter of the admission sought in Request No. 26) as different from removability of the "movable element" of that apparatus (the subject matter of Request No. 27:

> Although ACCO's Final Infringement Contentions did not address whether the "retaining rod 19' is removable from the computer support apparatus, ACCO's understanding is that Sevier discloses that the retaining rod 19 is removable, and ACCO therefore responded "admitted." …. RFA 27 is not the same as RFA 26. RFA 27 asks ACCO to admit that its contention is that "retaining rod 19" of Sevier is removable from the "moveable element" of Sevier (not from the "computer support apparatus" as in RFA 26). ACCO's one-word response was "denied," consistent with ACCO's contention, as stated in its Final Infringement Contentions, that the combination of "support bracket 12 and retaining rod 19" disclose the "moveable element." See ACCO responses to RFAs 18, 19. The retaining rod 19 may be removed from the computer support apparatus, but ACCO does not contend that the "support bracket 12" by itself is a "moveable element" when not combined with the retaining rod 19, the nonsensical implication of an admission of this RFA.

Opp. at 10-11.

The threshold question on the Motion remains whether Defendants did or did not comply with Rule 36, or, whether any non-compliance is so flagrant that the Court should strike the invalidity affirmative defense as a sanction. Here, with no surplusage and with responses that

"admit[]" Request No. 26 and "den[y]" Request No. 27, Defendants have complied fully with Rule 36(a)(4), at least facially. Plaintiff may explore further whether these answers in fact are contradictory so that "one of them must be false," but that is not the aim of Rule 36. Rule 36, used here to smoke out contentions, allows Plaintiff to learn what Defendants are contending, and the responses clearly state that Defendants contend that the rod is removable from the support apparatus but not from the "movable element" of that apparatus.

In short, Plaintiff has answers to its questions, although Plaintiff finds the answers contradictory and thus "evasive." Pl. Mem. at 7, 11. With the benefit of Defendants' further explanation in their opposition brief, the Court does not consider the responses to Request Nos. 26 and 27 to be contradictory, even as Plaintiff contends that it cannot understand these responses "because it is *impossible* to discern from responses to Admissions Requests Nos. 18 and 19 what the 'movable element' in Sevier is and whether 'retaining rod 19' is part thereof." Reply at 7 (emphasis in original). Looking closely at this argument, then, the Court understands Plaintiff to be saying that confusion generated by Defendants' responses to Request Nos. 18 and 19 means that Defendants' flat admission of Request No. 26 and flat denial of Request No. 27 become incomprehensible, creating a "nonbinding contradiction[]." *Id.* The Court draws from all this that the answers to Request Nos. 26 and 27 may well have some confusing or contradictory aspect, when considered in context with Defendants' other Rule 36 responses, but not to such a clear and deliberate degree that would warrant striking the affirmative defense of invalidity per Rule 12(f). *Second Chance Body Armor*, 177 F.R.D. at 637-38. This conclusion is supported by the lack of any requirement in Rule 36 to provide an "explanation" of admissions or denials. *Braun v. Village of Palatine*, No. 18 C 4850, 2020 WL 1888914, at *2 (N.D. Ill. Apr. 16, 2020) ("explanations of answers [to Rule 36 requests] are not required"). Rule 36 requires "detail" where a responding

party qualifies the response. Defendants did not qualify their responses to Request Nos. 26 and 27 – respectively, Defendants admitted and denied these requests.

We are further reminded that these particular Rule 36 requests seek to unearth "contentions" rather than to narrow the trial issues by identifying undisputed facts. The Rule 36 request for admission is not a discovery device. *U.S. Securities & Exchange Comm'n v. Nutmeg Group, LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012). Rather, Rule 36 "creates a procedure for obtaining admissions for the record of facts already known by the party propounding the request." *Id.* The purpose of Rule 36 is to allow the parties to create a factual predicate for summary judgment and "to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasubowski*, 834 F.2d 1345, 1350 (7th Cir. 1987). The Advisory Committee notes to the 1970 amendment of Rule 36 underscore this fundamental purpose:

> Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be. The changes made in the rule are designed to serve these purposes more effectively.

Fed. R. Civ. P. 36 (Advisory Committee notes, 1970).

Contention requests to admit, although technically proper of they ask for opinions about the application of law to fact, take us far from this core purpose. Instead, they offer opportunities for litigants to vex each other with arguments like the one Plaintiff makes here, namely that if one examines the admission and denial of two requests and stacks them up next to other responses, the admission and the denial are so insidiously contradictory that the affirmative defense ought to be stricken, even if a plain reading of those responses standing alone suggests they may not be contradictory. The Court politely declines to indulge in the use of Rule 36 requests, styled as

contention requests, to twist the responding party into a pretzel and force the striking of part of a pleading. *See Nutmeg Group*, 285 F.R.D. at 405 (finding that Rule 36 requests directed at asking a responding party to admit to a particular understanding of its adversary's theory of the case is not a proper use of Rule 36). "Further, the [responding party's] knowledge, or lack of knowledge, are not 'facts, the application of law to fact, or opinions about either,'" the *Nutmeg* court reasoned. *Id.* Where contention Rule 36 requests cannot be readily admitted or denied, courts ought to be reluctant to punish the responding party too harshly for less-than-strict compliance. *See Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014) (where requests to admit were voluminous and not readily admitted or denied, party was excused from responding).

For the propriety of the remedy of striking the affirmative defense, Plaintiff primarily relies on *In re Corland Corp.*, 967 F.2d 1069 (5th Cir. 1992), and a case citing *Corland*, *Robax Corp. v. Professional Parks, Inc.* No. 3:07-cv-01399-D, 2008 WL 3244150 (N.D. Tex. Aug. 8, 2008). Plaintiff's [Supplemental] Memorandum of Law ("Supp. Mem."; D.E. 136) at 2; Reply at 6. These cases stand only for the principle that if a Rule 36 admission is inconclusive when considered in conjunction with a separate, contradictory Rule 36 response, or with other trial evidence pointing in a different direction, the admission is not considered binding as a judicial admission. *Corland*, 967 F.2d at 1074; *Robax*, 2008 WL 3244150, at *7. These authorities do not support Plaintiff's effort to strike the affirmative defense based on a perceived inconsistency as between the two Rule 36 responses. On reply, Plaintiff tossed a final authority into the mix: *United States v. Panter*, No. 1:11-cv-03052-CL, 2012 WL 1245669 (D. Ore., Mar. 14, 2012); Reply, Exh. 3. But *Panter* is of no help to Plaintiff, even if the Court were to deem Plaintiff's reliance on it as not waived or forfeited, raised as it was on reply only.[2] *Panter* concerned the propriety of a Rule 55 default

[2] If the Court were counting, the Reply marks Plaintiff's third bite at this apple. Plaintiff moved to strike the affirmative defense based on the "contradictory" responses to Requests 26 and 27 in its opening motion

judgment entered against a *pro se* party which had declined to file an answer after the district court had denied a motion to dismiss, and this behavior was the "complete refusal to participate in these proceedings" that Plaintiff quotes in its citation to *Panter. Panter*, as a Rule 55 case, had nothing to do with Rule 36, contradictory Rule 36 responses, discovery violations, or whether a discovery violation under all the circumstances might make a Rule 12(f) striking of a pleading a proportionate judicial response. *Panter*, or Plaintiff's reliance on it, instead demonstrates to the Court the notable dearth of authority supporting the extreme remedy Plaintiff seeks on this Motion.

Finally, Plaintiff makes an overwrought argument that allowing the "contradictory" answers to Request Nos. 26 and 27 would allow Defendants to avoid giving any binding answers under Rule 36, "thereby rendering the entire purpose of Rule 36 a nullity." Supp. Mem. at 2. The Court finds no basis to conclude that Defendants' responses to Request Nos. 26 and 27 were so plainly contradictory that they could even come close to violating Rule 36 or supplying a basis for striking the affirmative defense as a sanction, under all the circumstances.

## III.    The Request for Rule 37 Fee Sanctions Is Denied.

The Court denies the request for fees and costs as a Rule 37(a)(5) sanction. Aside from whether Defendants' responses were or were not substantially justified, the Court cannot help but note that Plaintiff did not file another discovery motion to obtain discovery it believes it was wrongly denied. Plaintiff makes no complaint about the adequacy of Defendants' final infringement contentions. With the Motion being denied, and with Plaintiff receiving substantial discovery on the invalidity contentions through the Final Invalidity Contentions and the Rule 36 responses (confusing as some of them may be), the Court in its discretion sees no basis for assessing any fees or costs here.

---

without citing authority, then included *Corland* and *Robax* in its supplemental memorandum of law to its motion to allow that point to be briefed on the instant motion, and then introduced *Panter* in the Reply.

## CONCLUSION

On this Motion, Plaintiff sought to use Defendants' responses to a series of contention requests to admit to hamstring Defendants from even raising a defense of invalidity of the patent in suit. Some of those Rule 36 responses were less than perfect, but the Court sees no basis to strike the affirmative defense of invalidity, under the proportionality analysis courts apply to such motions.

**SO ORDERED.**

**ENTER:**

**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: March 16, 2023**